SD

**M-10-883**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CHRISTIAN MACIAS and
LENIN DIAZ

    Defendants.

C O M P L A I N T

(T. 21, U.S.C. § 846)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

    David Bauer, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

    Upon information and belief, on or about July 30, 2010 and July 31, 2010 within the Eastern District of New York and elsewhere, the defendants CHRISTIAN MACIAS and LENIN DIAZ, together with others, did knowingly and intentionally and unlawfully conspire to import into the United States from a place outside thereof a substance containing heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 952(a) and 960.

The source of your deponent's information and the grounds for his belief are as follows:[1/]

1. On July 20, 2010, defendant CHRISTIAN MACIAS arrived at Atlanta, Georgia Hartsfield International Airport on Delta flight number 680 from Ecuador.

2. Customs and Border Protection officers approached defendant CHRISTIAN MACIAS after they observed him walking awkwardly. Customs and Border Protection Officers ("CBP") asked MACIAS to pull up the back of his pants leg, to which MACIAS stated he could not do, due to an injury. A pat down was conducted where a CBP officer felt hard bulky items underneath MACIAS's clothing.

3. MACIAS was found to be wearing a spandex body suit and girdle which were concealing packages. CBP officers recovered the packages, which were found to contain a brown powdery substance which field tested positive for heroin. The total approximate gross weight of heroin recovered from MACIAS weighed approximately 5.5 kilograms.

4. Defendant CHRISTIAN MACIAS admitted in a post-<u>Miranda</u> interview that he knew the packages contained narcotics and agreed to cooperate in delivering the packages in New York.

---

[1/]   Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

5. On July 31, 2010 at approximately 4:00 pm, CHRISTIAN MACIAS, accompanied by ICE agents, arrived at Newark, New Jersey international airport.

6. On July 31, 2010 at approximately 10:00 pm at a hotel in Queens, New York, MACIAS placed a phone call to his contact in Ecuador who provided the telephone number of a person in New York to contact concerning the delivery. MACIAS called the individual who informed him that a man in a beige Acura car would arrive to retrieve the package and to pay him.

7. Approximately a half hour later, a biege Acura car parked in front of the hotel. Defendant LENIN DIAZ exited the vehicle, entered the hotel and knocked on MACIAS's hotel room.

8. When in the room, MACIAS removed a package and placed it in a bag for DIAZ. DIAZ asked MACIAS "Is that all?" to which MACIAS responded "Yes". MACIAS asked DIAZ about the money, to which DIAZ responded, "We have to go see it". MACIAS stated that he will wait in the room for DIAZ to bring the money to him. DIAZ then exited the room with the bag containing the narcotics ans was placed under arrest.

4

9. WHEREFORE, your deponent respectfully requests that the defendants CHRISTIAN MACIAS and LENIN DIAZ be dealt with according to law.



David Baeur
Special Agent
U.S. Immigration and
Customs Enforcement

Sworn to before me this
31th day of July

HO!
UN:
EA!